IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**CLOYD NATION,** **PLAINTIFF**
**ADC #144536**

v.   CASE NO. 2:16-CV-00134 BSM

**DICKERSON, et al.**   **DEFENDANTS**

## ORDER

The recommended disposition ("RD") submitted by United States Magistrate Judge Beth Deere [Doc. No. 28] and defendants' objections [Doc. No. 31] have been reviewed. After reviewing the record, the RD is rejected in part and adopted in part. Defendants' motion to dismiss [Doc. No. 15] is granted, and plaintiff Cloyd Nation's motion for a preliminary injunction [Doc. No. 12] is denied.

Nation filed two lawsuits with the Arkansas Claims Commission for prison policy violations. *See* Doc. No. 2 at 6. In both cases, Nation did not respond to the Arkansas Department of Correction's ("ADC") motions to dismiss. Both claims were dismissed, with one dismissal stating that the reason for dismissal was because "[Nation] failed to respond to [ADC's] 'Motion to Dismiss.'" *Id.* at 30. Nation brings this federal lawsuit alleging the East Arkansas Regional Unit, the facility where Nation resides, has an inadequate law library and book retrieval system, and this deficiency prevented him from responding to his two state-based lawsuits. *See* Doc. No. 2 at 5-7. The defendants move to dismiss. Doc. No. 15.

The RD correctly construes these allegations to assert an access to courts claim under the First Amendment. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nation must have standing to prosecute this claim, which is satisfied by alleging actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To allege "actual injury" for an access to courts claim, Nation must allege "that a nonfrivolous legal claim had been frustrated or was being impeded" by defendants' failure to maintain an adequate law library or to provide relevant resources. *Lewis*, 518 U.S. at 352-53; *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (describing the claim as a "nonfrivolous and arguably meritorious underlying legal claim"). The RD recommends denying defendants' motion to dismiss because at least one of Nation's prior suits over prison policy violations is a "nonfrivolous legal claim" that was impeded when Nation could not prepare an adequate response to ADC's motion because of the unit's law library. *See* Doc. No. 28 at 5-6.

The RD is rejected because the First Amendment does not require that the ADC provide Nation with legal resources to pursue any claim imaginable. *See Lewis*, 518 U.S. at 355 (A prison need not "guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."). Rather, actual injury occurs for First Amendment purposes only when a prisoner's impeded nonfrivolous claim was an attack on his sentence, directly or collaterally, or an action to vindicate basic civil rights. *Lewis*, 518 U.S. at 354-55; *White*, 494 F.3d at 680 (holding claims are restricted to "actions seeking new trials, release from confinement, or

[the] vindication of fundamental civil rights") (quoting *Bounds v. Smith*, 430 U.S. 817, 827 (1977)). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355 (emphasis in original).

Nation's claim fails because his underlying claim does not implicate the First Amendment. Even if Nation's allegations are accepted as true, the underlying legal claims were based on violations of prison policy, not an attack on his conviction or an action to vindicate his civil rights. *Compare Dale v. Kaemingk*, Case No. 4:15-CV-04103 RAL, 2016 U.S. Dist. LEXIS 163021, at *15 (D.S.D. May 25, 2016) (permitting access to courts claim because prisoner alleged his pending civil rights matter was dismissed after prison's mail system caused him to miss filing deadline), *with Green v. Johnson*, Case No. 13-12305, 2014 WL 4054334 at *3 (E.D. Mich. Aug. 14, 2014 (dismissing access to court claim because underlying claim was an appeal of a major misconduct ticket while in prison).

Accordingly, the RD is rejected in part and denied in part. The RD is rejected with respect to defendants' motion to dismiss [Doc. No. 15] the access to courts claim, which is granted. The RD is adopted, however, with respect to denying Nation's motion for preliminary injunctive relief [Doc. No. 12].

IT IS SO ORDERED this 14th day of April 2017.

_____
UNITED STATES DISTRICT JUDGE